OPINION
Defendant-appellant Lewis Alan Carlton appeals the August 17, 1998 Judgment Entry of the Fairfield County Court of Common Pleas which overruled his Motion for Modification or Vacation of Sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
On November 10, 1988, appellant was indicted on two counts of rape and one count of kidnaping. Appellant entered not guilty pleas to all the charges.
A jury trial commenced on January 24, 1989. During trial, the parties reached a negotiated plea agreement whereby appellant plead guilty to two counts of gross sexual imposition and one count of abduction in exchange for dismissal of the two counts of rape and one count of kidnaping. The parties further agreed appellee would recommend a sentence of eighteen months on one count of gross sexual imposition, one year on the second count of gross sexual imposition, to be served consecutively, and a four to ten year sentence on the abduction charge, to be served consecutively with the sentences on the gross sexual impositiion counts, but for which appellant would be placed on probation. The trial court entered a sentence in accordance with the agreement on January 26, 1989.
Appellant served his sentenced on the gross sexual imposition counts and was released on probation on the abduction charge. Appellant's probation was revoked on August 5, 1991, and the sentence on the abduction count imposed.
Appellant's attempt to file a delayed appeal in this Court was denied on May 12, 1995. Appellant filed a Petition for a Writ of Habeas Corpus in the trial court on November 30, 1995. The trial court denied the petition, which decision was affirmed by this Court on September 17, 1997. In the interim, appellant filed his Motion for Modification or Vacation of Sentence on September 13, 1996.
The trial court conducted a hearing on appellant's motion on June 6, 1998. On August 17, 1998, the trial court issued a Memorandum of Decision denying appellant's motion, which was incorporated in a Judgment Entry filed August 19, 1998. It is from that judgment entry appellant's prosecutes this appeal, assigning as error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION FOR MODIFICATION OR VACATION OF SENTENCE WHEN THE DEFENDANT WAS ERRONEOUSLY CONVICTED AND SENTENCED FOR THREE (3) SEPARATE OFFENSES CONTRARY TO THE PROHIBITION AGAINST MULTIPLE PUNISHMENTS FOR ALLIED OFFENSES OF SIMILAR IMPORT.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE DEFENDANT'S MOTION FOR MODIFICATION OR VACATION OF SENTENCE WHEN THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE DEFENDANT'S MOTION FOR MODIFICATION OR VACATION OF SENTENCE WHEN THE DEFENDANT DID NOT VOLUNTARILY KNOWINGLY OR INTELLIGENTLY ENTER HIS PLEA OF GUILTY.
This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
Upon our review of the record, we are not persuaded the three charges are allied offenses of similar import. Furthermore, we find appellant's claim in this regard was waived upon his entering into the negotiated plea agreement.[1]
Appellant's first assignment of error is overruled.
 II
Appellant's argument he was deprived effective assistance of counsel is premised upon his argument the three offenses were allied offenses of similar import. For the same reasons we rejected this argument in Assignment of Error I, we likewise reject such argument herein as supportive of an ineffective assistance of counsel claim.
Appellant's second assignment of error is overruled.
 III
As was his claim under his first two assignments of error, appellant's claim herein is premised upon his argument the offenses were allied offenses of similar import. We have already rejected that argument, supra.
Upon review of the record, we find the trial court did not abuse its discretion in concluding appellant's guilty pleas were entered knowingly, intelligently and voluntarily.
Appellant's third assignment of error is overruled.
The judgment of the Fairfield County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Contrary to the trial court's finding, we do not believe this argument is waived by the entering of the guilty pleas. The issue as to whether the offenses are allied offenses of similar import becomes relevant only after conviction, but prior to sentencing. We further note the sentences imposed for each of the offenses were within the permissible range provided by statute. As such, the sentences were not illegal per se.